UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN DANIEL PARRA URDANETA,

Petitioner,

v. Case No. 2:26-cv-2970-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

# ORDER

Petitioner Adrian Daniel Parra Urdaneta is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an emergency motion for temporary restraining order (Doc. 2).[1] He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from this judicial district while his habeas petition is pending. He also seeks immediate release from custody. (*Id.*)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted;

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

(3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Urdaneta's underlying habeas petition raises substantive arguments that are not easily dismissed. But having a good argument is not enough on its own for a TRO—you must also seek a remedy that the Court can give. *See, e.g.*, *Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Urdaneta now requests.

Urdaneta asks the Court to enjoin the Government from transferring him outside the Middle District of Florida. (Doc. 2 at 1.) The answer is no. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Urdaneta's transfer to somewhere besides the Middle District of

Florida is superfluous. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Urdaneta's request for immediate release also fails. (Doc. 2 at 6.) He asks this Court to disturb the status quo—his current detention—and grant him essentially the full measure of relief he seeks in the habeas petition, all before the Government has even had an opportunity to be heard. The Court declines the invitation.

While the Court takes Urdaneta's underlying liberty claims seriously, the specific stopgap measures he requests are either beyond our reach or beside the point. Accordingly, his Motion for Temporary Restraining Order (Doc. 2) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on November 3, 2026.

Kyle C. Dudek
United States District Judge